IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-HC-02156-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GERALD WAYNE TIMMS, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Government's Motion to Stay [DE 78] this Court's July 1, 2011 Order dismissing the above-captioned case. For the reasons set forth herein, the Government's Motion to Stay is denied.

## I. INTRODUCTION

Respondent Gerald Wayne Timms served a 100-month federal sentence ending at the North Carolina Federal Correctional Institute at Butner, North Carolina ("FCI Butner"), following his conviction for receipt of material by mail involving the sexual exploitation of a minor. Less than two weeks before Respondent's scheduled November 11, 2008 release date, the Government filed a certificate under the relevant provisions of the The Adam Walsh Child Protection and Safety Act of 2006[1] (the "Act," "the Adam Walsh Act," or "§ 4248") to civilly commit Respondent as a sexually dangerous person [DE 1]. Because he was certified under the Act, Respondent was not released from federal custody at the end of his

---

[1] Pub. L. No. 109-248, 120 Stat. 587 (2006)(codified as amended in scattered sections of 10, 18, 21, 28, and 42 U.S.C.).

criminal sentence. Respondent has continuously remained imprisoned, under the authority of the Executive Branch, for the thirty-one months since his scheduled release date.

On July 1, 2011, this Court entered an Order [DE 76] articulating two distinct and substantial Constitutional injuries that the Government inflicted upon Respondent. Specifically, the Court found that through the operation of the Adam Walsh Act, the Government deprived Respondent of both due process of law and the equal protection of law, as secured by the Fifth Amendment to the United States Constitution. To remedy Respondent's injuries, the undersigned dismissed this action and ordered the Government to place Respondent into the custody of the United States Probation Office.

By Motion [DE 78] filed July 6, 2011, the Government requested that this Court stay the effectuation of the July 1 Order pending appeal. Respondent promptly responded in opposition to the Government's Motion [DE 80]. On July 14, 2011, the Government noted an appeal [DE 81] of the July 1 Order to the United States Court of Appeals for the Fourth Circuit.[2] In this posture, the Motion to Stay is ripe for adjudication. It is denied.

## II. DISCUSSION

Courts balance four factors to determine whether to grant a

---

[2]This Court retains jurisdiction to adjudicate the Motion to Stay, notwithstanding the Government's July 14, 2011 Notice of Appeal. See Fed. R. Civ. P. 62(c) & Fed. R. App. P. 8(a)(1)(A).

2

stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

With regard to the first factor, the Court finds that the Government has not made a strong showing that it is likely to succeed on the merits. The "strong showing" required to compel this Court to indefinitely stay its Order pending appeal "is more stringent that the 'reasonable probability' standard that is applicable to a preliminary injunction." *Davis v. Meyers*, 101 F.R.D. 67, 69 (D. Nv. 1984). The Government's Motion falls short of the necessary showing for a stay to issue.

The Government contends that the July 1 Order should be stayed, *inter alia*, because there is a presumption that § 4248 is constitutional, citing to *United States v. Wilkinson*, 626 F. Supp. 2d 184, 195 (D. Mass. 2009) for support. But *Wilkinson* offers no comfort to the Government's cause. *Wilkinson*, after all, addressed a sweeping facial challenge to the Adam Walsh Act. *Wilkinson*, 626 F. Supp. 2d at 185. This Court's July 1 Order, on the other hand, focused narrowly on the Act as-applied to this particular Respondent. The *Wilkinson* presumption of constitutionality is inapposite.

3

The Government asserts that it is very likely to win on appeal, but it fails to address the many obstacles that it is likely to encounter in the appellate process. In particular, the Government fails to address how the recent Fourth Circuit opinion and concurrence in *United States of America v. Broncheau*, No. 10-7611 (4th Cir. May 26, 2011) can be interpreted to condone the Government's application of the Adam Walsh Act in this case. The Court, as expressed in the July 1 Order, sees no possible way for the Government to justify its violation of Respondent's rights.

In an 32-page opinion, this Court demonstrated how the Government's application of the Adam Walsh Act in this case has substantially deprived Respondent of due process of law and the equal protection of law. The Court hereby incorporates by reference its Order of July 1, 2011, in particular those sections addressing the separate and substantial constitutional violations visited upon Respondent by the Government's application of the Adam Walsh Act in this case. The Court reaffirms its holding as articulated in the July 1 Order, and finds that the Government has not made a "strong showing" that it is likely to succeed in its appellate efforts.

With regard to the second factor, the Government contends that release of Respondent "would pose a grave danger to the community." (Pet.'s Br. Supp. Mot. Stay at 10.) In support, the Government relies on the Executive Branch's certification that Respondent is a "sexually dangerous person" as defined by 18 U.S.C. 4247(a)(5)

4

who will have "serious difficulty in refraining from sexually violent conduct or child molestation." However, the Government's position fails to acknowledge that Respondent will be on supervised release and monitored as set out in his criminal judgment. Moreover, the allegations contained in Respondent's certification are not adjudicated facts. As unadjudicated facts, the Certification's allegations lend little, if any, support to the Government's position.

With regard to the third factor, the Court finds that a stay will harm the Respondent. Respondent has already waited over two and a half years for a resolution of his case, and his continued incarceration is unacceptable under the laws and the constitutional protections afforded all citizens.

With regard to the fourth factor, the Court finds that the public interest lies in effectuating the July 1 Order. To be sure, there is a "great public interest in monitoring predatory offenders." *Doe v. LaDue*, 514 F. Supp. 2d 1131, 1138 (D. Minn 2007). However, "there is an equally strong public interest in preserving constitutional rights." *Id*. But as the *LaDue* Court held, where the Government has the means to monitor offenders "without jeopardizing constitutional rights . . . the greater public interest" is in protection of the constitutional rights. *Id*. Because the United States Probation Office has the ability and the duty to monitor the Respondent upon his release, the fourth *Hilton*

5

factor-like each of the other factors-weighs in favor of denying the stay.

### III. CONCLUSION

For the foregoing reasons, after careful consideration of the *Hilton* factors and the parties' arguments, the Court finds that a stay of Respondent's release pending the appellate process is not warranted. The Government's Motion to Stay [DE 78] is accordingly **DENIED**. The Government is **ORDERED** to place the Respondent, Gerald Wayne Timms, into the custody of the appropriate United States Probation Office forthwith.

**DONE AND ORDERED**, this the 15 day of July, 2011.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE