IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-HC-2156-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GERALD WAYNE TIMMS, )<br>)<br>Respondent. ) | O R D E R |

This cause comes before the Court on respondent's motion for new trial pursuant to Rule 59(a)(2) of the Federal Rules of Civil Procedure. An evidentiary hearing was held before the undersigned in this matter in May 2011. Following the hearing, the Court granted in part respondent's motion to dismiss, finding the Adam Walsh Act unconstitutional as applied to respondent [DE 76]. The government appealed, and the Fourth Circuit affirmed in part and reversed in part the Court's ruling and remanded the matter for further proceedings [DE 101]. On October 18, 2012, the Court entered findings of fact and conclusions of law, holding that the government had satisfied its burden to show that respondent is sexually dangerous to others pursuant to 18 U.S.C. § 4248.

## DISCUSSION

Rule 59(a)(2) provides that after a nonjury trial, a court may upon a motion open the judgment, take additional testimony, amend findings of fact and conclusions of law, and direct entry of new judgment. Fed. R. Civ. Pro. 59(a)(2). A motion for new trial following a nonjury

action is generally granted only when the verdict is against the weight of the evidence, the damages are excessive, or for some other reason the trial was unfair. *United States v. Carolina Eastern Chemical Co.*, 639 F. Supp. 1420, 1423 (D.S.C. 1986) (noting that such a motion following a nonjury trial is generally only granted under circumstances in which such a motion would be allowed following a jury trial). A new trial "will not be granted on grounds not called to the court's attention during trial unless the error was so fundamental that gross injustice would result." *Id.* (quoting Wright & Miller, *Federal Practice and Procedure*, Civil § 2805 at 39). Whether or not to grant a new trial is committed to the sound discretion of the district court. *Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp.*, 51 F.3d 1229, 1237 (4th Cir. 1995).

Respondent contends that such relief is necessary to prevent manifest injustice and that without it he will be irreparably prejudiced. The only basis offered by respondent in support of his motion is that his "case under the Adam Walsh Act was one of the first to be tried in this District, and the lack of experience in presenting probative evidence on critical factual, psychological and legal issues at his hearing on May 25-27, 2011, redounded to his detriment." [DE 138]. The lack of experience of counsel or novelty of a legal question, however, is not a basis upon which to grant a new trial. Indeed, "[t]he purpose of Rule 59(a)(2) is not to introduce new evidence that was available at the time of trial but was not proffered, to advance new theories, or to secure a rehearing on the merits." *Chavez v. City of Albuquerque*, 640 F. Supp. 2d 1340, 1343 (D.N.M. 2008) (internal quotation and citation omitted). Respondent having identified no sufficient basis upon which the Court might find that the evidentiary hearing in this matter was unfair or that a manifest injustice has resulted from it, the Court in its discretion

2

denies respondent's motion for new trial.

## CONCLUSION

Accordingly, for the reasons discussed above, respondent's motion for new trial [DE 138] is DENIED.

SO ORDERED, this 12 day of December, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3